CHARLES CARROLL, Chief Judge.
This is an appeal by the plaintiff below from a judgment of dismissal, without prejudice. On February 28, 1964, the appellant filed a suit in the circuit court of Dade County against Bethencourt & Reyes Construction Co., Inc. and A. J. Bethen-court, Jr., A. V. Bethencourt, Adolfo Reyes and his wife Nereida Reyes, and Alvaro L. Barciela and his wife Nerida Bar-ciela.
The complaint alleged that plaintiff was the holder of a judgment against Adolfo Reyes and Nereida Reyes in the amount of $24,502.74; that as a result of execution and sale the plaintiff had acquired 49 shares of stock of the defendant corporation, which shares had been owned by the judgment debtors; that in addition, of the 100 shares authorized and outstanding, 51 were owned by the defendant A. J. Bethen-court, Jr.,.and one share by one Alfonso Romero; that on May 10, 1963, the property of the corporation, consisting of certain described real estate, was transferred by the corporation to Alvaro L. Barciela and his wife Nerida Barciela, and that quitclaims thereto were made to the Barcielas by A. J. Bethencourt, Jr. and his wife, and Adolfo Reyes and his wife. It was alleged *755 that the transfer of the property of the corporation to the defendants Alvaro L. Barciela and Nerida Barciela wás without consideration and was made for the purpose of hindering and defrauding the plaintiff judgment holder; with the indicated relief prayed for.
The corporation and the Bethencourts were served with process. The defendants Adolfo Reyes and Nereida Reyes (who were considered by the trial court not to be indispensable parties) and Alvaro L. Bar-ciela and Nerida Barciela (who were held to be indispensable parties) were not served prior to the time the cause first came on for final hearing.
A motion to dismiss the complaint for failure to state a cause of action was filed on behalf of those of the defendants who were served with process. It was denied, and answer was then filed on their behalf. Thereafter, the attorney of record for those defendants filed certain pleadings relating to interrogatories and requests for admissions which he signed as “attorney for defendants,” and filed a motion for summary judgment, similarly signed, which requested the entry of summary judgment “in favor of the defendants,” together with a notice of hearing thereon signed by counsel as “attorney for defendants.” The motion for summary judgment was heard pursuant to that notice, and was denied by an order entered on December 22, 1966, which recited that the cause had come before the court “on the motion by the defendants for summary judgment.”
Thereafter the matter came on for final hearing on July 28, 1967, at which time the attorney of record for the defendants filed an affidavit stating that he had not been employed to represent the Reyes or the Barcielas and that his inclusion of all of the defendants in filing certain pleadings including the motion for summary judgment above referred to was inadvertent. The attorney for the plaintiff filed an affidavit referring to the pleadings which had been filed on behalf of all defendants, and stating that it was in reliance thereon that service had not been obtained on the defendants Alvaro L. Barciela and Nerida Barciela. Counsel for the plaintiff also moved orally to strike the answer of the corporation, and for default against it on the ground that the corporation had failed to pay annual corporation capital stock tax, and filed a certificate of the Secretary of State so certifying.
On August 3, 1967, the court entered a judgment dismissing the cause without prejudice as to the “served” defendants Bethencourt & Reyes Construction Co., Inc. and A. J. Bethencourt, Jr., “on the grounds that the defendants Alvaro L. Barciela and Nerida Barciela, as transferees of the deed sought to be rescinded were indispensable parties and jurisdiction had not been obtained over said defendants.” In that order the court referred to, but rejected, on the basis of defense counsel’s explanation of inadvertence, the contention of the plaintiff that the presence in the file of pleadings filed by counsel on behalf of all defendants had not subjected the Barcielas to the jurisdiction of the court. It was noted in the order that the defendant A. V. Bethencourt had previously been dismissed (as no ground for relief against him was shown), and that the defendants Adolfo Reyes and Nereida Reyes, who had not been served, did not appear to be necessary parties.
Within the time allowed by the rules the plaintiff filed a motion for rehearing addressed to the foregoing judgment of dismissal, contending the court erred in failing to recognize the incapacity of the corporation because of nonpayment of annual corporation capital stock tax, and by rejecting plaintiff’s contention that the filing of pleadings on behalf of all defendants had subjected the unserved defendants (Barcielas) to the jurisdiction of the court, or that the plaintiff had been entitled to rely thereon as a reason for not serving them subsequent to the filing of those pleadings, apparently on their behalf.
*756 Subsequently, and while the petition for rehearing remained pending, the plaintiff obtained service on the defendants Alvaro L. Barciela and Nerida Barciela, and those defendants filed a motion in the cause for leave to file an amended, answer and for continuance of final hearing. That pleading was filed on November 29, 1967. On December 5, 1967, an order was entered on the Barcielas’ motion, continuing the cause to January 19, 1968, and allowing the Bar-cielas ten days within which to file “an amended answer or otherwise plead.” On December 18, 1967, the Barcielas filed a motion to dismiss, which was denied by an order dated January 8, 1968, with a provision in that order that the Barcielas “shall not be required to file their amended answer, or otherwise plead, until an order is entered on the pending motion for rehearing in this cause.”
Four days later, on January 12, 1968, the trial court entered an order denying the plaintiff’s motion for rehearing. That had the effect of confirming the judgment of dismissal which had been entered on August 3, 1967, prior to consideration of the cause on the merits, on the ground that jurisdiction had not been obtained on the Barcielas.
Inasmuch as the Barcielas were served and were prepared to answer and defend the cause while the plaintiff’s petition for rehearing of the prior order of dismissal was still pending, and in fact prior to the time of final hearing of the cause as it had been extended by the court, we are impelled to hold, as contended for by the appellant, that the cause should have been permitted to proceed and that it was improperly dismissed. This is so because, assuming, without so deciding, the correctness of the order of dismissal at the time it was made in August of 1967, the reason for the dismissal (the want of jurisdiction over the defendants Alvaro L. Barciela and Nerida Barciela) was eliminated by perfecting service upon them while the cause was still pending, prior to its consideration on the merits and prior to disposition of the pending motion of the plaintiff for rehearing.
Accordingly, the judgment of dismissal is reversed and the cause is remanded for further proceedings.